**Richard BRADFORD, III, Individually and on Behalf of all Persons Similarly Situated, Plaintiffs-Appellees,**

v.

**SEARS, ROEBUCK AND CO., Defendant-Appellant.**

No. 80–3861.

United States Court of Appeals, Fifth Circuit.

April 22, 1982.

---

J. Leray McNamara, Jackson, Miss., for defendant-appellant.

James E. Winfield, Vicksburg, Miss., for plaintiffs-appellees.

Before POLITZ and RANDALL, Circuit Judges, and PARKER *, District Judge.

POLITZ, Circuit Judge:

We review an order certifying a class composed of all past, present, prospective, and future black employees of Sears, Roebuck and Company, at all of its facilities throughout the State of Mississippi. After entering the certification order, based solely on the plaintiff's unverified complaint and class action motion, the district court issued the interlocutory appeal articulation prescribed by 28 U.S.C. § 1292(b). We accepted the interlocutory appeal and now vacate the class action certification, remanding for further proceedings.

This appeal sharply focuses the question of the minimum requirements for certification of a class action under Rule 23 of the Federal Rules of Civil Procedure. We rarely receive a case in the present posture; the interlocutory order granting a class certifi-

* Chief Judge of the Middle District of Louisiana,     sitting by designation.

cation is not appealable. Our review of class action certifications usually occurs at the time of the appeal on the merits, based on the trial record.

## Context Facts

Richard Bradford, III, a black male, first sought employment as a salesman for Sears in Vicksburg, Mississippi in 1972. He was hired and trained. The following year, desirous of continuing his education, he resigned and moved to Dallas, Texas. While attending school, he worked part-time at a Sears store. In November of 1976, approximately three years after returning to Vicksburg, he again sought employment as a Sears salesman. It is asserted that no full-time position was available then in Vicksburg; Bradford was given a part-time sales assignment. Subsequently, a full-time sales job in the automotive center became vacant and Bradford was reassigned. He continued to work in that position until June of 1979 when he was discharged for violating a company rule regarding employee purchases. Bradford initiated a complaint with the Equal Employment Opportunity Commission and, following receipt of a right-to-sue letter, filed the instant suit, invoking Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e–2000e–17, and the Civil Rights Act of 1866, 42 U.S.C. § 1981.

Bradford alleges that Sears discriminates against blacks as a class in its terms and conditions of employment, specifically in hiring, initial assignments, salaries, promotion, and discharges. He further alleges that he was discharged because of his race.

After Sears filed its answer, Bradford moved for certification of the suit as a class action, seeking designation of a class composed of "all past and incumbent Black employees, all Black applicants for employment, all pretentious [sic] Black employees, and all future Black applicants for employment by defendant, in any of its facilities located in the State of Mississippi and who have been and continue to be, or might be adversely affected by the practices alleged in the Complaint." The district court, without conducting an evidentiary hearing or requiring attested filings, granted the motion.

The complaint, filed on behalf of Bradford and all persons similarly situated with claims against the Sears store in Vicksburg, tracked the language of Rule 23(a).[1] The motion for certification expanded the class to include all applicants, potential applicants, and employees, past, present, and future, in every Sears facility in Mississippi. In view of the trial judge's order which granted the motion without limitation, we perceive the class certified to be that as described in the motion. Sears moved for reconsideration, attaching an affidavit. Reconsideration was denied.

## Requisites of Rule 23

Rule 23(a) of the Federal Rules of Civil Procedure specifies four prerequisites for a class action certification: "(1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class." The precision in the enumeration of the four requirements is not matched by an articulation of the modality for addressing each inquiry. Perhaps not unexpectedly, different standards have developed among the circuits.

The criteria established in this circuit are rather easily satisfied, permitting certifica-

---

1. Paragraph 3 of Bradford's complaint reads:

    There are questions of fact and law common to the class; the members of the class are so numerous as to make joinder impracticable. Plaintiff will adequately represent the class; the claims of the plaintiff are typical of the claims of the class. The defendant has acted or refused to act on grounds generally applicable to the class as a whole. The questions of law and fact common to the class predominate over questions applicable to individual members of the class. A class action is superior to other procedures for the adjudication of this controversy.

tion in some cases upon little more than pleadings. *See, e.g., Huff v. N. D. Cass Co. of Alabama*, 485 F.2d 710 (5th Cir. 1973); *Johnson v. Georgia Highway Express, Inc.*, 417 F.2d 1122 (5th Cir. 1969). Nevertheless, applying even the relatively relaxed standards which have evolved in this circuit, we conclude that the district court abused its discretion in ordering certification on the state of this record. In reaching this conclusion, we have examined each element of Rule 23(a) against the backdrop of the facts gleaned from this record.

### 1. *Numerosity*

As discussed in further detail herein, in its various Mississippi operations Sears employs approximately 2300 employees, 300 in catalog sales and 2000 in all other activities. Of these persons, just over 700 are black. Suit is brought on their behalf, as well as on behalf of all unsuccessful job applicants, the present number being unknown, and all future black applicants and employees. Including class members *in futuro* may be appropriate. *Jack v. American Linen Supply Co.*, 498 F.2d 122 (5th Cir. 1974); *Carpenter v. Davis*, 424 F.2d 257 (5th Cir. 1970). The inclusion of future members obviously bolsters Bradford's claim that it is not reasonable to require joinder of all claimants. The preference and efficiency of the class action vehicle as respects this element is apparent. Numerosity is satisfied, provided the relative numbers survive a re-definition of the scope of the class.[2]

### 2. *Commonality*

Bradford's complaint and motion contain attacks on Sears' employment practices throughout Mississippi. The certification order included all Sears outlets in the state. However, in view of the only meaningful evidence of Sears' operation in Mississippi, contained in the affidavit of Frank M. Malone, Jr., longtime Assistant Personnel Director, Southern Territory, Sears, Roebuck and Company, the breadth of the certification appears improper.

Malone states that Sears' facilities in Mississippi include 11 retail stores, 31 catalog sales offices, a retail distribution center, a credit central, a central service, and a satellite store. These 46 units are administered separately. The retail operations are divided into "Groups" (large metropolitan areas) and "Zones" (small metropolitan and rural areas). The Biloxi retail store is in the New Orleans Group. The other 10 retail establishments are in the Memphis Zone. Different staffs supervise the stores and oversee the personnel decisions. Day-to-day operating procedures and personnel policies for the catalog sales units are administered and supervised separately from the retail stores. The other four single facilities are administered independently from both retail and catalog sales; their operations and policies differ. Malone attested that the organizational structure and personnel administration—including hiring, firing, and promotion—varied according to the types of facilities and, even then, differed from unit-to-unit.

While we have permitted "an employee complaining of one employment practice to represent another complaining of another practice, if the plaintiff and the members of the class suffer from essentially the same injury," *Falcon v. General Telephone Co. of the Southwest*, 626 F.2d 369, 375 (5th Cir. 1980), the demand that the various complaints must be similar has not been lessened. In light of Malone's affidavit, that hiring and firing practices at other Mississippi facilities differed substantially from the practices in vogue in Vicksburg, a serious question is raised whether sufficient factual and legal commonality exists among the class members.

■ In determining whether a suit may be maintainable as a class action, a district court is not obliged to conduct an evidentiary hearing. However, when a serious ques-

---

**2.** We have noted, "a number of facts other than the actual or estimated number of purported class members may be relevant to the 'numerosity' question; these include, for example, the geographical dispersion of the class, the ease with which class members may be identified, the nature of the action, and the size of each plaintiff's claim." *Zeidman v. J. Ray McDermott & Co., Inc.*, 651 F.2d 1030, 1038 (5th Cir. 1981) (citations omitted).

tion of commonality, or any other essential element, is raised, a hearing usually is necessary. *See Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300 (5th Cir. 1980); *Hill v. Western Electric Co., Inc.*, 596 F.2d 99 (4th Cir.), *cert. denied*, 444 U.S. 929, 100 S.Ct. 271, 62 L.Ed.2d 186 (1979). A preliminary hearing may avoid a precipitous certification, later vacated as improvident, with the unfortunate and intervening attendant costs for both sides. As we explicated in our *en banc* decision in *Satterwhite v. City of Greenville*, 578 F.2d 987, 998 (5th Cir. 1978), *vac. and remanded on other grounds*, 445 U.S. 940, 100 S.Ct. 1334, 63 L.Ed.2d 773 (1980), "Although, in rare instances, maintainability may be determined on the basis of the pleadings ... if there is any doubt with respect to the propriety of a class action, a preliminary evidentiary hearing is essential." (Citations omitted.)

We perceive no inconsistency with this conclusion and our holding in *Johnson v. Georgia Highway Express, Inc.*,[3] a case involving a single employment policy which was alleged to discriminate against blacks. The record before us today contains a serious question whether or not one employment scheme is utilized by Sears, a nationwide operation, throughout its various facilities in Mississippi. Malone's uncontroverted affidavit belies the suggestion that a uniform policy or practice for hiring, firing, and promotion is utilized at Sears' 46 units in Mississippi. Inherent in the certification is a finding of commonality. With its determination based only on the conclusionary allegations in the pleadings, the finding of commonality was premature; the district court erred in certifying the statewide class. In this instance, there should have been further exploration of that issue.[4]

### 3. Typicality and Adequate Representation

In this case a discussion of typicality of claims and adequacy of representation may be combined. We are mindful that a determination of class action status is not a minitrial on the merits. But an appropriate evaluation of both of these elements requires an assessment of Bradford's individual complaints.

In his deposition, Bradford makes no claim that Sears discriminated against him when he was hired initially in 1972. He makes vague allegations about discrimina-

---

**3.** While it is true ... that there are different factual questions with regard to different employees, it is also true that the "Damoclean threat of a racially discriminatory policy hangs over the racial class [and] is a question of fact common to all members of the class." 417 F.2d at 1124 (*quoting Hall v. Werthan Bag Corp.*, 251 F.Supp. 184, 186 (M.D.Tenn.1966)). But even in *Johnson* we said that if, after remand, the trial court viewed the case for the defendant as "too burdensome due to the inapplicability of some issues to other members of the class, resort may be made to the use of sub-classes." 417 F.2d at 1124 (*citing Oatis v. Crown Zellerbach Corp.*, 398 F.2d 496 (5th Cir. 1969)).

**4.** In resolving the question whether there are sufficient common issues of law or fact, we are impressed favorably with the litany of inquiries suggested by Judge Schwarzer in *Harriss v. Pan American World Airways, Inc.*, 74 F.R.D. 24, 41 (N.D.Cal.1977):

In the context of litigation over alleged unlawful employment practices, relevant criteria of commonality include the following:
(i) What is the nature of the unlawful employment practice charged—is it one that peculiarly affects only one or a few employees or is it genuinely one having a class-wide impact.
(ii) How uniform or diverse are the relevant employment practices of the employer, considering matters such as: size of the work force; number of plants and installations involved; extent of diversity of employment conditions, occupations and work activities; degree of geographic dispersion of the employees and of intra-company employee transfers and interchanges; degree of decentralization of administration and supervision as opposed to the degree of local autonomy.
(iii) How uniform or diverse is the membership of the class, in terms of the likelihood that the members' treatment will involve common questions.
(iv) What is the nature of the employer's management organization as it relates to the degree of centralization and uniformity of relevant employment and personnel policies and practices.
(v) What is the length of the time span covered by the allegations, as it relates to the degree of probability that similar conditions prevailed throughout the period.
(Footnote omitted.)

tion when he was temporarily re-employed on a part-time basis in 1976; and he vaguely complains of assignment and promotion policies at the Vicksburg store since 1976. Nothing is said about persons outside of the Vicksburg area with similar complaints. Bradford was unable to identify any black refused employment at any Sears location. He could not point to a white receiving preferential treatment. This lack of specificity cannot be ignored. Discovery may fill this void, but we are not free to speculate. Despite the paucity of his personal complaints, Bradford purports to represent all past and present black employees and all past and future black applicants throughout Mississippi. In certifying the statewide class with Bradford as its representative, without examining into the similarity of Bradford's personal situation with the situation experienced or to be experienced by other members of the class, the district court erred.

■ Under the rules, a plaintiff must demonstrate his " 'nexus with the class and its interests and claims which is embraced in the various requirements of 23(a),' " *Long v. Sapp*, 502 F.2d 34, 42 (5th Cir. 1974) (*quoting Huff v. N. D. Cass Co. of Alabama*, 485 F.2d at 714), to be a proper representative. Merely because a plaintiff is a member of the same race as other persons he seeks to represent is not enough for a finding under Rule 23(a) that his representation will be adequate or that his claims are typical of the projected class. *East Texas Motor Freight System, Inc. v. Rodriguez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977); *Crawford v. Western Electric Co., Inc.*, 614 F.2d 1300 (5th Cir. 1980). The teachings of these decisions are applicable in the present case. Bradford's motion to certify the proposed class is phrased in vague and broad terms.[5] We previously addressed this problem in *Jones v. Diamond*, 519 F.2d 1090, 1098 (5th Cir. 1975), noting that:

Although the complaint refers throughout to injuries, suffered by all class members, the pleading offered to support the class simply tracks the language of Rule 23, Federal Rules of Civil Procedure. Without more, mere mimicry is insufficient to undergird a decision either way on the propriety of class certification. (Footnote omitted) (*citing Weathers v. Peters Realty Corp.*, 499 F.2d 1197 (6th Cir. 1974); *Rossin v. Southern Union Gas Co.*, 472 F.2d 707 (10th Cir. 1973)). With this guidon, we are convinced Bradford's pleadings do not develop that he is the proper person to represent the class. More is necessary before that decision can be made properly.

■ While "it is important to remember that Rule 23(a) must be read liberally in the context of civil rights suits," *Jones v. Diamond*, 519 F.2d at 1099 (citations omitted), the trial court "must strike a delicate balance among the myriad competing interests that emerge in such a suit in order to facilitate full implementation of the public-oriented policies embodied in Rule 23." *Id.* at 1101. In order properly to weigh the factors involved in class certification, the district court should have in hand information sufficiently apprising it of the case's factual and legal questions, as well as the part played by the aspiring class representative. A pre-certification hearing frequently is necessary to garner this information. In an occasional instance, the pleadings alone will supply the requisite information. If a material question is raised, however, about any of the Rule's prerequisites, the pleadings alone will not suffice.

The class action is a useful jurisprudential tool which places special responsibilities on the court and counsel. If this legal vehicle is to maintain its vitality, neither its use nor non-use should be abused. The decision on maintainability of the class action, including the scope of the class, should be made only after the court is presented with adequate information. A premature

---

**5.** Paragraph 6 of the Motion to Certify reads: "The party opposing the class is acting and has refused to act on grounds generally applicable to the class as a whole, thereby making appropriate final injunctive relief with respect to the class as a whole."

certification, destined to be vacated subsequently, is to be avoided.

In ordering the certification on the basis of Bradford's mere conclusionary allegations, and in refusing to reconsider in light of the additional filings, the district court erred. The order certifying this case as a class action is vacated and this cause is returned to the trial court for further proceedings consistent herewith. Bradford is assessed the costs of this appeal.

VACATED and REMANDED.