Larry IVY, Plaintiff,

v.

**MERIDIAN COCA–COLA BOTTLING CO., Defendant.**

**Civ. A. No. E84–0022(L).**

United States District Court, S.D. Mississippi, E.D.

Oct. 30, 1985.

---

Alison Steiner, Andalman, Andelman & Steiner, P.A., Hattiesburg, Miss., for plaintiff.

James D. Carriere, Michael W. Lord & Charles A. Adams, Jr., Kullman, Inman, Bee & Downing, New Orleans, La., for defendant.

## MEMORANDUM OPINION AND ORDER

TOM S. LEE, District Judge.

This cause is before the court on motion by plaintiffs, Larry Ivy, Donnie Ruffin, Henry Naylor, Gus Blanks, Robert Sims, Robert Owens and Dorse Stribling, individually and on behalf of all others similarly situated, for class certification pursuant to Rule 23 of the Federal Rules of Civil Procedure. Also before the court is defendant Meridian Coca-Cola Bottling Company's (Company) supplemental motion for partial summary judgment as to the claims of plaintiffs Henry Naylor and Gus Blanks. Timely responses to both motions were filed and the court has considered the memoranda with attachments submitted by both parties. The motions will be addressed individually.

## I. CLASS CERTIFICATION

In this action, plaintiffs allege that the Company has maintained a pattern and practice of discriminatory treatment of present and former black employees in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2 *et seq.* Plaintiffs initially filed a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) on July 22, 1982.[1] Although several individual charges were subsequently filed with the EEOC,[2] the original charge was the subject of an extensive investigation by the EEOC. The parties were informed by determination letter dated August 8, 1983 of the conclusion of the EEOC that "reasonable cause exists to believe Respondent [Company] discriminates against its black employees as a class."[3] Plaintiffs received their right-to-sue letter from the EEOC on August 27, 1984, and on October 3, 1984, they amended their original complaint herein[4] to include a class action on behalf of the named plaintiffs and others similarly situated.

1. The original charge was filed by the Meridian, Mississippi branch of the NAACP upon request by plaintiffs. However, plaintiffs eventually signed "third party certificate(s) of charge" in which they asserted their personal grievances against the Company, and the court will consider the merits of the motion for class certification with the above named plaintiffs as the proposed class representatives.

2. See Part II, infra.

3. Specifically, the EEOC's Acting District Director noted discrimination in "hiring in upper level jobs, wages, job classification, territory assignments, promotion and disciplinary action in violation of Title VII."

4. Plaintiffs' original complaint in this cause, alleging individual claims under Title VII that plaintiffs Larry Ivy, Donnie Ruffin, Henry Naylor and Gus Blanks were discharged in retaliation for their involvement in the July 1982 charge before the EEOC, was filed on February 7, 1984.

On May 20, 1985, plaintiffs filed the instant motion seeking to certify a class composed of the following:

[A]ll black persons who have at any time from February 22, 1982 through the date judgment is entered in this case, been employed by Defendant Meridian Coca-Cola Bottling Company in any of its operations and who are in any way affected by any one or more of the following aspects of Defendant's employment practices: pay, job placement and assignment (including racially segregated job classifications), promotion (including practices which may deter the seeking of promotions), discipline (including termination of employment for disciplinary reasons) quality of work environment with reference to use of racially derogatory language, and subjective decision making by Defendant relative to the above enumerated terms and conditions of employment.

Rule 23(a) of the Federal Rules of Civil Procedure provides the four prerequisites to a class action which must be satisfied before the district court can certify a class:

One or more members of a class may sue or be sued as representative parties on behalf of all only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class.

In addition, plaintiffs must show that "the party opposing the class has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole." [5] In their amended complaint, plaintiffs request that preliminary and permanent injunctions be issued against the Company ordering cessation of alleged discriminatory employment practices and reinstatement of all discharged class members with back pay and accrued benefits.[6] Based upon the memoranda and the extensive documentation presented to the court with the motion,[7] this court concludes that certification of the proposed plaintiff class pursuant to Federal Rule of Civil Procedure 23 is appropriate in this case.

■ The putative class in this action is composed of some 132 members—84 members currently employed by the Company and 48 members not currently employed but who were employed by the Company during the relevant class period.[8] While there does not appear to be any magic number of class members required for certification, *General Telephone Co. of the Northwest v. Equal Employment Opportunity Commission*, 446 U.S. 318, 100 S.Ct. 1698, 64 L.Ed.2d 319 (1980), the relevant test in this circuit is "[p]racticability of joinder" depending upon "size of the class, ease in identifying its members and determining their addresses, facility of making service on them if joined and their geographic dispersion." *Garcia v. Gloor*, 618 F.2d 264, 267 (5th Cir.1980), *cert. denied*, 449 U.S. 1113, 101 S.Ct. 923, 66 L.Ed.2d 842 (1981). Plaintiffs aver and the Company does not materially dispute that the joinder of all former black employees of the Company in this action is impractica-

5. F.R.Civ.Proc. 23(b)(2).

6. Plaintiffs also request compensatory back pay damages, fringe benefits, interest and money damages for the alleged demeaning working conditions as to the class members still employed by the Company, plus reasonable attorney fees and costs.

7. Although the parties requested an evidentiary hearing on plaintiffs' motion for class certification in their memoranda, they withdrew their respective requests by stipulation signed by counsel and submitted to this court. Furthermore, this court is of the opinion that sufficient evidence exists in the documentation attached to the memoranda to support a determination without the aid of an evidentiary hearing. *Bradford v. Sears, Roebuck and Co.*, 673 F.2d 792 (5th Cir.1982).

8. These figures are gleaned from a computer printout generated by the Company in January 1985 showing employee records and data during the relevant class period.

ble given their present geographic dispersion and the difficulty in effecting service on them. *Id.* Additionally, judicial economy will be served by determining the merits of this action alleging discriminatory employment practices by the Company, a wrong common to all class members, in one suit. *Scott v. University of Delaware*, 601 F.2d 76 (3rd Cir.1979), *cert. denied*, 444 U.S. 931, 100 S.Ct. 275, 62 L.Ed.2d 189 (1980). Clearly, therefore, the numerosity element is met in this case.

The Company strongly contends that the commonality and typicality requirements of Rule 23(a) cannot be met by plaintiffs. Specifically, defendant asserts that the day-to-day supervision of operational, personnel and employment decisions is vested in the individual department heads, with the president and secretary-treasurer having only "ultimate power of review over the personnel decisions made by the individual department heads." [9] A reasonable conclusion to be drawn from the position taken by defendant is that since the Company leaves basic personnel decisions to the subjective judgment of its department heads, it cannot be held responsible if such judgment is exercised in a discriminatory manner. It is significant to note that no uniform guidelines relating to hiring, placement, pay, promotion or discipline are in place at the Company and that, at all divisions of the Company, such decisions are made by the division or department heads, with ultimate authority concerning personnel and employee relations resting with the president and secretary-treasurer.

In *General Telephone Co. of Southwest v. Falcon*, 457 U.S. 147, 102 S.Ct. 2364, 72 L.Ed.2d 740 (1982), the United States Supreme Court delineated the parameters of the commonality and typicality requirements of Rule 23(a), stating that the two requirements

> tend to merge. Both serve as guideposts for determining whether under the particular circumstances maintenance of a class action is economical and whether the named plaintiff's claim and the class claims are so interrelated that the interests of the class members will be fairly and adequately protected in their absence. 457 U.S. at 157 n. 13, 102 S.Ct. at 2370 n. 13.

This court recognizes that the effect of the *Falcon* decision was to effectively abrogate the Fifth Circuit's "across-the-board" rule allowing maintenance of private class suits in Title VII actions alleging broad-based racial discrimination.[10] The *Falcon* Court, however, acknowledged the appropriateness of a class action where the private litigant can prove the existence of a class of persons who have suffered the same injury as that litigant under a general policy of discrimination manifesting itself in employment practices involving "entirely subjective decisionmaking processes." 457 U.S. at 159 n. 15. This is precisely what plaintiffs have alleged in the instant motion for class certification.[11] Such claim necessarily involves questions of law or fact common to both the individual litigants and the class they seek to represent. The nature of the claim also ensures that the individual litigant's claim will be typical of the class claims.

9. In its response brief at 11, the Company states, "Those individuals [department heads] have the authority to hire, promote, assign, transfer, discipline, and discharge employees and to grant them pay increases [within pre-set scales] without seeking prior approval from Mr. Graham [president] or Mr. James [secretary-treasurer]."

10. In *Falcon*, the court stated, "Title VII, however, contains no special authorization for class suits maintained by private parties. An individual litigant seeking to maintain a class action under Title VII must meet the prerequisites of numerosity, commonality, typicality, and ade-

quacy of representation specified in Rule 23(a)." 457 U.S. at 156, 102 S.Ct. at 2369, quoting *General Telephone Co. of Northwest v. EEOC*, 446 U.S. at 330, 100 S.Ct. at 1706.

11. Contrary to the allegations of the Company, the claims asserted in the proposed class action all relate to discriminatory *employment* practices occurring at the Company during the relevant class period. The individual claims of retaliatory discharge are not included in the motion for class certification, and the court is not here concerned with the merits of those actions.

The Company argues that the plaintiff class representatives cannot establish a sufficient nexus with the prospective class members because "[t]he day-to-day personnel decision-making process in the case of Meridian Coca-Cola Bottling Company is ... departmentalized." Thus, the Company contends, the proposed class representatives cannot raise questions of law or fact common to all class members, and indeed to all class representatives, since any alleged discriminatory treatment would differ depending upon the department in which the individual worked. The Company relies on *Bradford v. Sears Roebuck Co.*, 673 F.2d 792 (5th Cir.1982), wherein the Fifth Circuit held that class certification was improper without an evidentiary hearing in light of the fact that each of the Sears retail stores in Mississippi established its own separately supervised operating procedures and personnel policies. 673 F.2d at 795. Here, however, the court is confronted with a situation where there are no established operating procedures or objective personnel policies in place at all. The Company admits that "ultimate review" of all personnel decisions by the individual departments rests with its president and secretary-treasurer.[12] The failure to exercise such power of review, or to establish neutral guidelines for promotion, discipline or pay raises, cannot absolve an employer of responsibility for Title VII violations under the guise of "departmentalization." An employer is liable under Title VII for discriminatory acts committed by its supervisory personnel. *Bundy v. Jack-*

*son*, 641 F.2d 934, 943 (D.C.Cir.1981). Therefore, the court rejects the Company's assertions that the putative class lacks the Rule 23(a) prerequisites of commonality and typicality.[13]

The Company attacks the ability of the representative plaintiffs to adequately represent the interests of the class—the final prerequisite under Rule 23(a)—because the named plaintiffs "were not qualified for promotion to any position above the ones which they occupy." Therefore, the Company argues, the allegations of discriminatory failure to promote should be stricken from the complaint.[14] In *East Texas Motor Freight v. Rodriquez*, 431 U.S. 395, 97 S.Ct. 1891, 52 L.Ed.2d 453 (1977), the Supreme Court, relying on evidence that the named plaintiffs lacked the qualifications to be hired in the positions they sought, noted, "thus, they could have suffered no injury as a result of the alleged discriminatory practices, and they were, therefore, simply not eligible to represent a class of persons who did allegedly suffer injury." 431 U.S. at 403–404, 97 S.Ct. at 1897.

The situation here is quite different from that in *Rodriquez*. Promotion, transfer, pay and discharge decisions were made according to the subjective judgment of the Company department heads. Where, as here, the employer uses wholly subjective standards to judge its employees' qualifications, it cannot plead lack of qualification when its promotion process is challenged as discriminatory. *Martinez v. El Paso County*, 710 F.2d 1102, 1104 (5th Cir.1983);

12. In *Bradford,* the court relied on the affidavit of a Sears personnel director as the only "meaningful evidence of Sears' operation in Mississippi" in holding that the class certification was overbroad. 673 F.2d at 795. In this case, the affidavit of the Company's secretary-treasurer establishes that ultimate supervisory authority over personnel decisions rests with the Company's top officers. The court further notes the distinction between the vastness of Sears' retail operations at issue in *Bradford* and the localized nature of the Company's operation in the Meridian area.

13. The court also rejects the Company's argument that there can be no class allegations against Coca-Cola Coin Caterers Co., Inc., a Mis-

sissippi corporation in the business of full-line vending. While it appears that Coin Caterers and Meridian Coca-Cola Bottling are separately incorporated entities, Company secretary-treasurer Richard D. James admitted "Mr. Hardy Graham, President of Coin Caterers [and Meridian Coca-Cola Bottling Co.], and myself have ultimate authority with respect to the personnel/employee relations decisions made at Coin Caterers." James affidavit at 2.

14. The seven named plaintiffs in the instant case were employed in only three departments within the Company: Department 101 (Production), Department 253 (Route Sales Helpers) and Department 292 (Shipping/Receiving).

*Harrell v. Northern Electric Co.*, 672 F.2d 444, 448 (5th Cir.1982). Comparing the plaintiffs' qualifications with those of the individuals who did receive promotions within the Company reveals the manner in which the Company's subjective judgment was exercised.[15] *Martinez*, 710 F.2d at 1104. Therefore, the representative plaintiffs should be able to adequately represent the class with respect to the alleged discriminatory promotion practices.

Class certification in this case is particularly appropriate in light of the specific allegations of racially discriminatory *employment*[16] practices and the equitable nature of the relief sought. The alleged discriminatory employment practices of the Company, if proven, would affect the class as a whole, and the general class-wide injunctive relief sought by plaintiffs is authorized under Title VII.

For the reasons stated above, the court is of the opinion that plaintiffs' motion for class certification should be granted. The class shall consist of those individuals who are within the class definition contained in plaintiffs' amended complaint and the motion for class certification. The class shall be allowed to raise those allegations of racially discriminatory employment practices contained in the motion for class certification. The court reserves ruling on plaintiffs' motion for a bifurcated trial.

## II. PARTIAL SUMMARY JUDGMENT

As noted in Part I of this opinion, the genesis of this action was the filing of a class charge of racially discriminatory employment practices with the EEOC on July 22, 1982. Plaintiffs Henry Naylor and Gus Blanks were the charging parties in that initial EEOC charge.[17] On October 25, 1982, Naylor was discharged from his employment by the Company. Blanks was terminated by the Company on November 2, 1982.[18] Naylor filed an individual charge with the EEOC on October 27, 1982 alleging that he had been terminated because of his race.[19] Blanks filed a similar charge, alleging racial discrimination in his termination, with the EEOC on November 20, 1982.[20] Subsequently, on November 23, 1982, the Meridian Branch of the NAACP filed a third-party charge of discrimination against the Company[21] alleging that five long-term, black employees (including Naylor and Blanks) had been fired in retaliation for their joining in charge number 044–82–1159, the July 1982 class charge alleging discriminatory employment practices by the Company. The EEOC issued a right-to-sue letter on the latter charge, number 044–83–0194, on November 10, 1983. It was upon this latter charge that the original complaint in this cause was filed on February 7, 1984.

Defendant's instant motion for partial summary judgment concerns the actions taken by Naylor and Blanks with respect to their individual EEOC charges that their respective terminations by the Company were racially motivated. For purposes of

---

**15.** Exhibits attached to plaintiffs' instant motion, including employment applications and deposition testimony, support the proposition that some of the white employees receiving promotions were less qualified than members of the plaintiff class.

**16.** The court reiterates that class certification in this case is limited to the plaintiffs' allegations of discriminatory treatment in pay, job placement and assignment, promotion, discipline, quality of working environment with reference to use of racially derogatory language and subjective decision making *occurring while the plaintiff class members were employed by the Company.* Allegations relating to the *discharge* of any class members, whether racially motivated or in retaliation for the filing of the class charge, are *not* included in this class certification.

**17.** The class charge filed with the EEOC on July 22, 1982 was assigned charge number 044–82–1159.

**18.** According to their respective EEOC charges, Naylor was told by Company officials that he was being discharged because he had been involved in a vehicle accident with a parked vehicle, and Blanks was told that the Company was "cutting [his] truck out."

**19.** EEOC charge number 044–83–0100.

**20.** EEOC charge number 044–83–0185.

**21.** EEOC charge number 044–83–0194.

clarity, the Company's motion for partial summary judgment will be addressed according to the individual claims of Naylor and Blanks.

## HENRY NAYLOR

On December 7, 1982, Naylor executed an EEOC "negotiated settlement agreement" with the Company in connection with his individual charge of racial discrimination in his discharge.[22] For a stated consideration,[23] Naylor specifically agreed "not to institute a lawsuit under Title VII of the Civil Rights Act of 1964, *based upon the above captioned charge* filed with the Commission ..." (emphasis added). The "above captioned charge" bore charge number 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. No mention whatever was made in the negotiated settlement agreement of the third-party charge, number 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, alleging retaliatory discharge of five long-term, black employees.

The Company contends that Naylor has waived whatever rights he may have had to contest his discharge by virtue of his signing the settlement agreement. Such waiver, the Company argues, encompasses not only his charge of racially discriminatory animus underlying his discharge but also his separate charge that the Company possessed an impermissible retaliatory motive for his termination.

The touchstone for determining the validity of a settlement agreement wherein a plaintiff waives his cause of action under Title VII is whether the "employee's consent to the settlement was knowing and voluntary." *Alexander v. Gardner-Denver Co.*, 415 U.S. 36, 52 n. 15, 94 S.Ct. 1011,

1021 n. 15, 39 L.Ed.2d 147 (1974). Once the voluntariness of the waiver is established, the settling employee may not sue "the same defendant at a later date on the same cause of action, merely because the employee grows dissatisfied with the payment for which he or she settled." *Stozier v. General Motors Corp.*, 635 F.2d 424, 426 (5th Cir.1981), quoting *United States v. Allegheny-Ludlum Industries, Inc.*, 517 F.2d 826, 858 (5th Cir.1975), *cert. denied*, 425 U.S. 944, 96 S.Ct. 1684, 48 L.Ed.2d 187 (1976). However, a waiver of remedial rights guaranteed under Title VII must be closely scrutinized, *Watkins v. Scott Paper Co.*, 530 F.2d 1159, 1172-73 (5th Cir.1976), and the settling employee is bound only by the terms of the agreement. *Freeman v. Motor Convoy, Inc.*, 700 F.2d 1339, 1352 (11th Cir.1983); *Fulgence v. J. Ray McDermott & Co.*, 662 F.2d 1207, 1209 (5th Cir. 1981).

■ Plaintiffs concede that Naylor's execution of the negotiated settlement agreement was knowing and voluntary. The court concludes, therefore, that Naylor is precluded from asserting any further causes of action under Title VII relating to any alleged racially discriminatory animus in his discharge by the Company. Naylor will be allowed, however, to assert his individual claim that his discharge was the product of an alleged *retaliatory* animus on the part of the Company as such charge was not included in the language of the negotiated settlement agreement.[24]

Furthermore, the fact that a proposed class representative has settled his individ-

---

22. EEOC charge number 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.

23. In paragraph 2 of the agreement, the Company agreed to:

   a. provide charging party [Naylor] with a neutral reference upon inquiry by prospective employers;

   b. will further remove all reference to this EEOC charge and charging party's accident from his personnel file; and

   c. finally, respondent [Company] will not oppose charging party's claim to unemployment compensation benefits.

24. As noted above, Naylor waived his rights to institute a lawsuit under Title VII "based on the above captioned charge" in the negotiated settle-

ment agreement. That charge bore number 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 in the caption, and in that charge Naylor alleged that his discharge stemmed from the fact that he is black. The retaliatory animus charge, filed by the NAACP on behalf of Naylor and others, bore number 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 and was not mentioned in the settlement. The Company has not cited, and the court has not found, any authority dictating that a settlement agreement has a res judicata effect on all claims that were or could have been joined in the single EEOC charge that was the subject of the settlement. The court thus declines to infer a waiver beyond the specific terms of the settlement.

ual Title VII claim does not divest that party of his personal stake in the outcome of a class action requesting injunctive relief sufficient to moot his claim for class-wide relief. *Satterwhite v. City of Greenville,* 578 F.2d 987, 993 (5th Cir.1978); *McLaughlin v. Hoffman,* 547 F.2d 918, 920–21 (5th Cir.1977); *Jenkins v. United Gas Corporation,* 400 F.2d 28, 33 (5th Cir.1968); *Jordon v. County of Los Angeles,* 669 F.2d 1311, 1317 (9th Cir.1982). Naylor will, therefore, be allowed to represent the class and participate in any relief to which the class is proven to be entitled upon a trial on the merits.

## GUS BLANKS

Blanks filed an individual charge with the EEOC on November 20, 1982 alleging that he was discharged because he was black.[25] On February 8, 1983, Blanks received his right-to-sue letter from the EEOC authorizing him to bring a private cause of action on the claim stated in cause number 044–83–0185.[26] Blanks, however, allowed the 90–day statutory period[27] for filing suit to run. The Company argues that such inaction by Blanks constitutes a knowing waiver not only of his racially motivated discharge claim in charge number 044–83–0185 but also his retaliatory discharge claim in charge number 044–83–0194, in which Blanks joined as an aggrieved party. Plaintiffs counter that such inaction was the product of a good faith, if mistaken,[28] belief that he could not bring suit until the EEOC had completed processing of all charges against the Company in which he was a party.

In *Coke v. General Adjustment Bureau,* 640 F.2d 584, 592 n. 15 (5th Cir. 1981), the Fifth Circuit held that the 90-day limitation period for filing a federal court action under Title VII is not a prerequisite to federal jurisdiction.[29] *See also Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069–70 (5th Cir.1981). Because the 90-day limitation period is not jurisdictional, it is subject to equitable modification. *Coke,* 640 F.2d at 592; *Pinkard v. Pullman Standard, A Div. of Pullman, Inc.* 678 F.2d 1211 (5th Cir.1982). Plaintiffs urge this court to utilize its equitable powers to allow Blanks to proceed with both his individual claims of racially motivated discharge and retaliatory discharge because Blanks was under the mistaken, uncounseled impression that he could not bring a federal court action until he received notice of the right to sue on all three EEOC charges in which he was a party. The court is unpersuaded that sufficient equitable considerations exist to permit Blanks to revive his charge of racially motivated discharge. Blanks was not acting upon the advice of anyone when he voluntarily chose to disregard the 90-day notice requirement in his right-to-sue letter. Therefore, this court concludes that defendant's motion for partial summary judgment should be granted as to Blank's claim that his discharge by the Company was racially motivated. As to his separate claim that his discharge was motivated by an impermissible retaliatory animus, this court is of the opinion that Blanks should be able to proceed with the claim. He should also be permitted to remain a named representative of the class certified in this opinion in a separate action challenging the Company's employment practices during the relevant class period.

Based upon the above stated reasons, the court concludes that the Company's motion for partial summary judgment as to the claim of both Naylor and Blanks relating to racial discrimination in their discharge should be granted but that the Company's

---

**25.** EEOC charge number 044–83–0185.

**26.** The EEOC's stated reason for issuing the right-to-sue letter was that Blanks failed to provide requested necessary information, did not appear for interviews and conferences, and otherwise did not cooperate in the investigation of his charge.

**27.** 42 U.S.C. § 2000e–5(f)(1).

**28.** It appears that Blanks was not represented by counsel during the 90-day period that the statute was running.

**29.** Cf. *Garrison v. International Paper Co.,* 714 F.2d 757 (8th Cir.1983).

motion for partial summary judgment as to the claims of Naylor and Blanks relating to an alleged retaliatory animus in their discharge and as to their representation of the class and their participation in the class action should be denied. A separate order conforming to this opinion should be submitted according to the local rules.