744 F.2d 354
 35 Fair Empl.Prac.Cas. 1707,
35 Empl. Prac. Dec. P 34,671
Vivian B. GOODING, Appellant,
v.
WARNER-LAMBERT COMPANY, Albert H. Graddis and Betty K.
Adams, Executrix for Robert R. Adams, Appellees.
 No. 83-5593.
 United States Court of Appeals,
Third Circuit.
 Argued June 11, 1984.
Decided Sept. 28, 1984.
 
 Dwayne C. Vaughn (Argued), Arthur N. Martin, Jr., P.C., Newark, N.J., for appellant.
 Richard C. Mariani (Argued), Apruzzese & McDermott, Springfield, N.J., for appellees.
 Before WEIS and BECKER, Circuit Judges, and OLIVER, District Judge.*
 OPINION OF THE COURT
 BECKER, Circuit Judge.
 
 
 1
 The principal question presented by this appeal is whether pleading the issuance of a right-to-sue letter is a jurisdictional prerequisite to maintaining an employment discrimination claim under Title VII of the Civil Rights Act of 1964, 42 U.S.C. Sec. 2000e et seq. We hold that it is not, and that the district court erred as a matter of law in dismissing parts of appellant's complaint on jurisdictional grounds for failing to allege that such a letter had been issued. We also hold, alternatively, that the district court abused its discretion in not allowing the appellant leave to amend her complaint, under Fed.R.Civ.P. 15, to allege the issuance of the right-to-sue letter.
 
 I.
 
 2
 Appellant Vivian Gooding, a black female, was hired as a grade 27 secretary by defendant Warner-Lambert Company on March 28, 1977. In August 1978 appellant was promoted to grade 28 and became the secretary to Frank Chow, Associate Patent Counsel. At the time, the Patent Counsel for the company was Albert Graddis. His secretary Rose Armstrong, a white female, was a grade 29 employee.
 
 
 3
 Warner-Lambert merged with Parke-Davis Company in 1978, retaining the Warner-Lambert name. In October 1978 the patent departments of the two companies were consolidated, and Mr. Graddis became head of the consolidated department. The consolidation resulted in the creation of a new position, Patent Administrator, classified as a grade 29 position, and also resulted in a reorganization of secretarial assignments, which effectively eliminated Ms. Armstrong's position. Ms. Armstrong, who already was doing most of the work that the new Patent Administrator was expected to do, was given the job. The company did not follow its usual procedure of posting the availability of the position.
 
 
 4
 Appellant, believing that the decision to give the Patent Administrator position to a white female without posting it was racially discriminatory because it effectively excluded herself and another allegedly qualified black female from applying for the job, filed a complaint with the Equal Employment Opportunity Commission (EEOC) on February 9, 1979. In her complaint, appellant set forth the facts stated above.
 
 
 5
 Following the filing of her complaint, Ms. Gooding felt that she was subject to retaliatory action by Warner-Lambert personnel, particularly Mr. Graddis. On May 1, 1979, she added a handwritten amendment to her complaint, charging that Warner-Lambert was retaliating against her for filing her EEOC complaint by not allowing her to assign work to junior secretaries. On August 20, 1979, appellant filed a second complaint with the EEOC, which elaborated on the alleged retaliatory actions. She alleged that she had been verbally harassed, placed under surveillance by co-workers, denied optional overtime opportunities, and had been restricted in her use of certain facilities. On December 21, 1979, this second complaint was also amended to include two more instances of alleged retaliatory activity.
 
 
 6
 On November 27, 1979, the EEOC issued a "right to sue" letter on the first complaint, the discrimination-in-promotion complaint, determining that there was not probable cause to believe that the allegations made in the complaint were true.[1] Thereafter, on February 21, 1980, appellant filed this suit in the United States District Court for the District of New Jersey, alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Sec. 2000e et seq., and 42 U.S.C. Sec. 1981. The complaint alleged issuance of the right-to-sue letter, and set out in detail the basis for her discrimination-in-promotion claim. The complaint also detailed the factual basis for appellant's second EEOC complaint, the retaliatory discrimination complaint, even though the EEOC had not yet issued a right-to-sue letter for that complaint. On July 30, 1980, the EEOC issued a right-to-sue letter on appellant's retaliatory discrimination charge without a determination of probable cause.[2]
 
 
 7
 After discovery, Warner-Lambert moved for dismissal, under Fed.R.Civ.P. 12(b)(1), of that portion of appellant's complaint relating to the retaliatory discrimination claim. The motion alleged that the issuance of a right-to-sue letter is a jurisdictional prerequisite to filing a Title VII lawsuit, that Fed.R.Civ.P. 8 requires a plaintiff to specifically allege the jurisdictional basis of the lawsuit in the complaint, and that appellant's complaint did not specifically allege issuance of the second right-to-sue letter. Appellant responded that she had specifically alleged the facts underlying her retaliatory discrimination charge in the complaint, thereby making the absence of an allegation that the second right-to-sue letter had been issued irrelevant. She also argued that the district court should have granted her leave to amend her complaint, pursuant to Fed.R.Civ.P. 15, to allege the issuance of the second right-to-sue letter. Warner-Lambert opposed this argument on the ground that the statutory time limit for filing a Title VII suit is 90 days, 42 U.S.C. Sec. 2000e-5(f)(1), that 90 days had elapsed since issuance of the second right-to-sue letter before leave to amend was requested, and that therefore appellant was time-barred from amending her complaint.
 
 
 8
 On January 4, 1983, the district court granted Warner-Lambert's 12(b)(1) motion as to the retaliatory discrimination claim, holding that pleading the issuance of a right-to-sue letter is a jurisdictional prerequisite to bringing a Title VII suit in federal court. The court denied plaintiff leave to amend her complaint to allege the issuance of the second right-to-sue letter, on the ground that the amendment was time-barred. It therefore ordered that the counts of the complaint alleging retaliatory discrimination be dismissed with prejudice.[3]
 
 
 9
 The case was re-assigned to another district judge, and on July 7, 1983, Warner-Lambert moved for summary judgment, pursuant to Rule 56(b) on the remaining counts, which alleged discrimination in promotion. The court granted the motion on the ground that plaintiff had adduced no evidence to support her claim. Plaintiff appealed, challenging both the dismissal of her retaliatory discrimination claim and the grant of summary judgment against her on the discrimination in promotion claim.[4]
 
 II.
 A. The Retaliatory Discrimination Claim
 
 10
 Appellant's original complaint in the district court alleged in detail the facts underlying both her claim of racial discrimination based on Warner-Lambert's failure to post the Patent Administrator job, and her claim of retaliatory discrimination after the filing of her first EEOC complaint. As we have noted above, the district court dismissed those portions of the complaint dealing with retaliatory discrimination because appellant failed to specifically allege the issuance of the second right-to-sue letter in her complaint. The court considered this failure a "jurisdictional bar" to its hearing that claim. We hold that this was error.
 
 
 11
 Federal Rules of Civil Procedure 8(a) states:(a) Claims for Relief. A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction to support it, (2) a short and plain statement of the claim showing that the pleader is entitled to relief, and (3) a demand for judgment for the relief to which he deems himself entitled. Relief in the alternative or of several different types may be demanded.
 
 
 12
 This Rule is consistent with the general philosophy contained in the Federal Rules: highly technical pleading rules, which only serve to trap the unwary practitioner, are eschewed in favor of a system of notice pleading. Rule 8(a)(1) requires only a "short and plain statement of the grounds upon which the court's jurisdiction depends." The district court concluded that issuance of a right-to-sue letter is a "jurisdictional" prerequisite to suit in federal court, and, therefore, since Gooding had not alleged issuance of the letter, her complaint did not satisfy the requirements of Rule 8.
 
 
 13
 In Zipes v. Trans World Airways, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982), the Supreme Court held that the filing of a timely charge of discrimination with the EEOC is "not a jurisdictional prerequisite to filing a Title VII suit, but a requirement subject to waiver as well as tolling when equity so requires." 455 U.S. at 393, 102 S.Ct. at 1135. We believe that the same is true of the issuance of a right-to-sue letter; such a letter is not a "jurisdictional" requirement in the constitutional sense, but rather a statutory requirement designed to give the administrative process an opportunity to proceed before a lawsuit is filed. See Purdue v. Roy Stone Transfer Corp., 690 F.2d 1091, 1094 (4th Cir.1982); Pinkard v. Pullman-Standard, 678 F.2d 1211, 1218 (5th Cir.1982) (Kravitch, J., concurring), rehearing en banc denied, 685 F.2d 1383, cert. denied, 459 U.S. 1105, 103 S.Ct. 729, 74 L.Ed.2d 954 (1983). The requirement was fulfilled by issuance of the second right-to-sue letter on July 30, 1980. Therefore, appellant's failure to allege the issuance of the right-to-sue letter, which was not issued until after the complaint was filed, did not render the complaint deficient under Rule 8(a). The court at no time lacked "jurisdiction over the subject matter," and therefore dismissal of the retaliatory discrimination claim pursuant to Rule 12(b)(1) was incorrect.[5]
 
 
 14
 The record also makes clear that the district court's decision not to grant plaintiff leave to amend her complaint was based solely on its conclusion that the failure to allege the issuance of a right-to-sue letter was a jurisdictional defect. However, regardless of its erroneous understanding of the jurisdictional issue, we believe that the district court abused its discretion in not giving plaintiff leave to amend her complaint. Rule 15(a) of the Federal Rules of Civil Procedure directs that "leave (to amend) shall be freely given when justice so requires."[6] It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merits. Berg v. Richmond Unified School District, 528 F.2d 1208, 1212 (9th Cir.1975), vacated on other grounds, 434 U.S. 158, 98 S.Ct. 623, 54 L.Ed.2d 375 (1977); Weise v. Syracuse University, 522 F.2d 397, 412 (2d Cir.1975). See also 28 U.S.C. Sec. 1653. Given this policy, and the fact that the plaintiff's complaint adequately alleged the basis of her claim, thus eliminating any possibility of prejudice to the defendants, it was an abuse of discretion not to grant leave to amend in this case. See Foman v. Davis, 371 U.S. 178, 182, 83 S.Ct. 227, 230, 9 L.Ed.2d 222 (1962).
 
 B. The Section 1981 Claim
 
 15
 In addition to Title VII, appellant brought suit under 42 U.S.C. Sec. 1981, alleging the same substantive claims. The district court, in its order of January 4, 1983, also dismissed appellant's Sec. 1981 claim, stating that a plaintiff should not be able to bypass Title VII procedures by including a cause of action under 42 U.S.C. Sec. 1981. Warner-Lambert virtually concedes this was error. The avenues of relief available under Title VII and Sec. 1981 are independent. The filing of a Title VII charge and resort to Title VII's administrative machinery are not a prerequisite for maintaining a section 1981 suit. Johnson v. Railway Express Agency, Inc., 421 U.S. 454, 460, 95 S.Ct. 1716, 1720, 44 L.Ed.2d 295 (1975). Therefore, appellant's Sec. 1981 claim should not have been dismissed because of the failure to allege the issuance of a second right-to-sue letter for the retaliation claims.
 
 C. The Discrimination in Promotion Claim
 
 16
 In response to appellant's claim that she was discriminated against because of her race when Warner-Lambert did not post the new Patent Administrator position, Warner-Lambert submitted an affidavit from Eleanor Hochhauser, Warner-Lambert's Corporate Human Resource Manager, stating that the company's written statement of its job posting policy contains two exceptions to the general rule that all new positions will be posted. First, the posting policy does not apply where:
 
 
 17
 the approval of the group Vice-President of personnel [is obtained] in the cases of lateral transfers deemed in the best interest of the individual or the company which arises as a result of the displacement, potential layoff or layoff of an employee.
 
 Second, posting may not be required in:
 
 18
 cases of openings or reassignment caused by reorganizations, mergers, acquisitions or consolidation.[7]
 
 
 19
 Ms. Armstrong's transfer clearly fell within at least one of the exceptions. Ms. Armstrong's old position was eliminated, and the new position created, as a result of a reorganization following the merger with Parke-Davis. Hockhauser's affidavit stated that the appropriate approval for not posting the Patent Administrator's job was obtained. The transfer was lateral: Ms. Armstrong, a grade 29 employee, was transferred to a new grade 29 position. In addition, Ms. Armstrong had already been performing substantially the same duties assigned to the new Patent Administrator's position. Appellant did not counter this evidence with any evidence of her own, other that her own conclusory allegations that Warner-Lambert's actions were motivated by racial animus.
 
 
 20
 Under these circumstances, appellant has failed to carry her burden of rebutting appellee's "legitimate, non-discriminatory reason" for not posting the position. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973). Even if appellant's allegations are sufficient to make out a McDonnell Douglas prima facie case, they are not sufficient to defeat a motion for summary judgment once an employer has presented a rebuttal supported by sufficient affidavits. See Green v. United States Steel Corp., 481 F.Supp. 295, 311-12 (E.D.Pa.1979); see also Fed.R.Civ.P. 56(e). Because appellant has failed to present evidence that Warner-Lambert had a discriminatory motivation in failing to post the Patent Administrator job, there is no disputed issue of material fact and summary judgment was appropriate. The district court order of July 7, 1983, must therefore be affirmed.[8]
 
 III.
 
 21
 Having determined that a plaintiff need not plead the issuance of a right-to-sue letter to maintain a suit in federal court, and having held that it was error for the district court to grant Warner-Lambert's Rule 12(b)(1) motion on the retaliatory discrimination claim, we will reverse that part of the district court's January 4, 1983, order that dismissed appellant's retaliatory discrimination claim.[9] We will affirm the district court's order of July 7, 1983, which granted Warner-Lambert's motion for summary judgment on the discrimination in promotion claim.
 
 
 
 *
 Honorable John W. Oliver, Senior Judge, United States District Court for the Western District of Missouri, sitting by designation
 
 
 [1]
 The EEOC letter is opaque and confusing, stating at one point: "Examination of the evidence in the record indicates that there is not reasonable cause to believe that these allegations are true. No determination is made as to the promotion or retaliation having been raised by this charge." Since the only allegations were those concerning promotion and retaliation, we read these sentences as being essentially contradictory
 
 
 [2]
 The EEOC never considered the merits of appellant's retaliatory discrimination charge. The letter was issued because appellant requested it, and because more than 180 days had elapsed since the second complaint was filed
 
 
 [3]
 This was done despite the fact that Ms. Gooding also asserted a cause of action under 42 U.S.C. Sec. 1981. A section 1981 suit is not subject to the requirement that the EEOC issue a right-to-sue letter before a suit may be filed. The district court concluded that appellant should not be permitted to "bypass" the procedure required under Title VII merely by including a cause of action under Sec. 1981. See infra part II.B
 
 
 [4]
 The notice of appeal is somewhat unclear. It reads:
 Notice is hereby given that Plaintiff, VIVIAN B. GOODING, does hereby appeal to the United States Court of Appeals for the Third Circuit from the Order of the United States District Court for the District of New Jersey docketed July 7, 1983 dismissing the plaintiff's action.
 Since the retaliatory discrimination claim was dismissed by court order dated January 4, 1983, and since the plaintiff, pursuant to that same court order, subsequently amended her complaint to eliminate her claim of retaliatory discrimination, a literal reading of the notice of appeal might require us to conclude that Ms. Gooding only appealed the July 7, 1983 order granting summary judgment as to the discrimination in promotion claim. The Supreme Court, however, has cautioned against such a literal reading of notices of appeal. See Foman v. Davis, 371 U.S. 178, 181-82, 83 S.Ct. 227, 229-30, 9 L.Ed.2d 222 (1962). See also Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1254 (3d Cir.1977). Because both parties fully briefed and argued the issue of the January 4, 1983, order, as well as the July 7, 1983, order, and because appellant was not free to appeal the dismissal of her retaliation claim before final judgment was entered on her other claim, we conclude that appellant's notice of appeal effectively brings up both the January 4th and July 7th orders of the district court. See C.A. May Marine Supply Co. v. Brumswick Corp: 649 F.2d 1049, 1056 (5th Cir.1981) ("a policy of liberal construction of notices of appeal prevails in situations where the intent to appeal an unmentioned or mislabeled ruling is apparent and there is no prejudice to the adverse party"); J. Moore & B. Ward, 9 Moore's Federal Practice p 203.18, at 3-73 to 80 (2d ed. 1983); C. Wright, A. Miller, E. Cooper, & E. Gressman, 16 Federal Practice and Procedure Sec. 3949 (1977).
 
 
 [5]
 Warner-Lambert was certainly free to raise the lack of a right-to-sue letter time, and move for judgment under Fed.R.Civ.P. 12(b)(6) for failure to state a claim upon which relief may be granted. We note that the Fourth Circuit has held that issuance of a right-to-sue letter, after suit has been filed, without more, validated the pending suit. Henderson v. Eastern Freight Ways, Inc., 460 F.2d 258 (4th Cir.1972). But cf. Gibson v. Kroger Co., 506 F.2d 647 (7th Cir.1975) (a new action or amended complaint must be filed). In Gibson, a pre-Zipes case, the letter was considered a jurisdictional requirement
 The fact that the statutory 90-day period provided for bringing suit had passed since the right-to-sue letter had been issued is irrelevant to any issue in this case. The appellant had initiated suit before the end of 90 days and therefore there was no statute of limitations problem. The mere fact that she initiated suit before the second letter was issued does not somehow invalidate the suit; rather since the suit was pending when that letter was issued, it was timely.
 
 
 [6]
 Fed.R.Civ.P. 15 states in pertinent part:
 (a) Amendments .... Otherwise a party may amend his pleading only by leave of court or by written consent of the adverse party; and leave shall be freely given when justice so requires.
 ....
 (d) Supplemental Pleadings. Upon motion of a party the court may, upon reasonable notice and upon such terms that are just, permit him to serve a supplemental pleading setting forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented. Permission may be granted even though the original pleading is defective in its statement of a claim for relief or defense.
 
 
 [7]
 Two statements of Warner-Lambert's posting policy were included in the record. One statement, denoted as Exhibit J, is undated. The other statement, Exhibit I, is dated December 1979. The alleged discrimination occurred about a year before that date. We proceed on the assumption that the same policy was in effect at the time of the events leading to the first EEOC complaint. We assume this because the district court relied on the stated policy and Ms. Gooding does not dispute that the policy, with its attendant exceptions, was in effect. See Appellant's Brief at 38, 39
 
 
 [8]
 To the extent that the discrimination-in-promotion claims were based on Sec. 1981, rather than Title VII, they are subject to the same disposition
 
 
 [9]
 We will also direct the district court to allow Ms. Gooding to amend her complaint to include those counts ordered deleted by the court in its January 4, 1983, order