**Willie L. HENRY, Plaintiff,**

v.

**GULF COAST MOSQUITO CONTROL COMMISSION, Defendant.**

**Civ. A. No. S85–0662(R).**

United States District Court, S.D. Mississippi, S.D.

Oct. 15, 1986.

A. Wellington Gibbs, P.A., Gulfport, Miss., for plaintiff.

William S. Boyd, III, White & Morse, Gulfport, Miss., for defendant.

MEMORANDUM OPINION

DAN M. RUSSELL, Jr., District Judge.

This matter is presently before the Court on motion of the Gulf Coast Mosquito Con-

trol Commission to Remove this case from the Court's Docket, or in the Alternative, to Reconsider the Defendant's Motion for Summary Judgment or to Dismiss.

As stated in this Court's opinion of March 25, 1985, the present cause of action emanates from the former employment relationship between the plaintiff, Willie L. Henry, and the Gulf Coast Mosquito Control Commission (hereinafter the "Commission"). The plaintiff was originally hired in 1981 as a seasonal employee and classified as an inspector-seasonal. Essentially, his duties consisted of operating fogging equipment, preparing infestation maps and fogging routes, spraying ditches and similar activities. The term of employment was usually for the mosquito season which normally ran from March to November. The plaintiff held this position for his entire tenure with the Commission.

Apparently the first few years of plaintiff's temporary employment went without incident. Then, on November 29, 1984, the plaintiff filed his first and only application for a permanent inspector's position. Since no such position was open, the plaintiff was not hired or promoted to the billet of permanent inspector.

At approximately the same time as plaintiff submitted his application for a permanent inspector's position, the Commission hired a full time automotive mechanic. The mechanic was not hired to avoid the employing of a permanent black inspector. The Commission maintains a fleet of vehicles and employs one automotive mechanic. When the former mechanic left, the director hired another mechanic to take his place. The plaintiff did not apply for this particular position. By his own admission, he did not possess the requisite education or experience to qualify as an automotive mechanic.

On January 22, 1985, Willie L. Henry filed a Charge of Discrimination (# 044–85–0017) with the Equal Employment Opportunity Commission (EEOC) alleging that the Gulf Coast Mosquito Control Commission was racially discriminatory in its promotional practices. In pertinent part the charge prepared by the EEOC alleged that:

I. I am being denied full time employment as Inspector. The most recent date that I was denied a full time Inspector's job was May, 1984. Of the 14 full time employees, one is Black.

II. The practice has been to promote qualified part-time employees to full time status when vacancies occur.

III. I believe I am being discriminated against because of my race (Black), since:

a. Based on my length of service and qualifications I was eligible for the next Inspector's job.

b. A vacancy was created when White Inspectors left the employ of the Company.

c. To preclude hiring me, my employer, as opposed to hiring an Inspector, hired a Mechanic.

d. Even though the White male is hired as a Mechanic, he performs Inspector duties.

Pursuant to its internal operating procedures and as part of its investigation into the matter, the EEOC propounded certain interrogatories to the staff at the Mosquito Control Commission specifically designed to elicit information concerning its promotional practices and policies.

On February 27, 1985, the EEOC issued a determination of no cause and issued a notice of right to sue, again specifically limiting its findings to the question of discriminatory promotional practices.

On May 28, 1985, the plaintiff filed his complaint in this Court alleging in Paragraph 4 that:

A. Defendant assigned jobs to the plaintiff that would improve plaintiff's value to the defendant, but defendant never paid plaintiff the wages paid to Whites performing the same or related jobs. Moreover, defendant intentionally classified plaintiff outside the job he was assigned. For example, while working as a 'mapper', he was classified as a 'fogger'. Whites, on the other hand, were classified and paid in accordance with assigned tasks. Whites were classified as either 'inspectors' or 'mappers'.

B.  Defendant never assigned plaintiff to perform supervisory duties, his experience and tenure notwithstanding.

C.  Defendant refused to rehire plaintiff at the beginning of the 1985 season for being too assertive a Black for compatibility with Commission's personnel policies which in and of themselves were dual in application as to Whites and plaintiff.

D.  Defendant did initiate a harassing investigation first observed by plaintiff on the night of October 11, 1984. This investigation follows plaintiff's request to meet with the commission's board such that he, plaintiff could discuss a clearly apparent job assignment discrimination policy designed to limit promotional opportunities or wage increases for plaintiff while enhancing such opportunities for Whites.

Although the Court is not able to determine the exact time, the plaintiff filed a second Charge of Discrimination (# 044–85–0982) with the EEOC alleging retaliatory discharge. In any respect, no determination or notice of right to sue had been issued by the EEOC at the time the complaint in the present action was filed in U.S. District Court. The second charge alleged the following:

I.  On March 8, 1985, I was denied recall to my part-time job as a Fogger. I had been employed as a seasonal worker since 1981.

II.  David Sykes, Director of Mosquito Control, said, based on my 1984 job performance evaluation, I was not being rehired for 1985 as a seasonal worker.

III.  I believe I have been retaliated against for opposing employment practices in violation of Title VII, since:
a.  Prior to filing EEOC Charge No. 044–85–0017, I have received no complaints about my evaluations, and my work record was uneventful.
b.  After filing the above cited charge, I was written up for taking a break.

My White co-workers were on break and were not written up.
c.  I believe my Employer put adverse information in my file to deny me rehire because I filed the EEOC charge.

On January 29, 1986, the defendant filed a motion to dismiss, or in the alternative, for summary judgment. On February 7, 1986, the Court granted the plaintiff's request for one week additional time to respond to the defendant's motion in compliance with Local Rule 8. However, as of the Court's renderence of its opinion of March 25, 1986, no response was ever received by the plaintiff.

It is not necessary to reiterate all the reasons enunciated in the Court's March 25th ruling. Rather, it suffices for the purposes of the present matter to only state that the Court granted the defendant's motion to dismiss, or in the alternative summary judgment, as to Subparts A and B of Paragraph 4 of the plaintiff's complaint, respectively. Specifically, the present controversy was precipitated by Court's ruling pertaining to Subparts C and D of Paragraph 4 of the plaintiff's complaint. The defendant argued that the claims raised in Subpart C and D of Paragraph 4 should be dismissed since at the time of filing of the complaint a right to sue letter was not issued by the EEOC on Charge No. 044–85–0982 concerning retaliatory discharge.

Although a right to sue letter on this charge was not issued at the time plaintiff filed his complaint in federal court, the Court realized that one was subsequently issued on October 25, 1985, some three months before the filing of the defendant's motion. Since the retaliatory allegations contained in the plaintiff's EEOC charge were also asserted in the plaintiff's complaint, and since the defendant's motion to dismiss was subsequent to the October 25th receipt of a right to sue letter, the Court denied the defendant's motion to dismiss as it pertained to Subpart C of Paragraph 4.[1]

1. *See Pinkard v. Pullman-Standard, A Division of Pullman, Inc.,* 678 F.2d 1211, 1219, and n. 16 at 1219 (5th Cir.1982) (holding that although a

prematurely filed suit is subject to dismissal upon proper motion at any time prior to the

The plaintiff was thus ordered to amend his complaint to reflect the right to sue letter issued on Charge No. 044–85–0982 within seven (7) days or face immediate dismissal.

The Memorandum Opinion was filed-stamped by the Clerk on March 26, 1986, and on March 31, 1986, counsel for the Commission submitted, pursuant to Rule 9 of the Uniform Rules of the United States District Courts for the Northern and Southern Districts of Mississippi, an order of dismissal. The second paragraph of that order stated:

> [T]hat the Complaint in the above-styled and numbered matter should be, and the same is hereby, dismissed with prejudice unless the Plaintiff amends Subparts C and D of Paragraph 4 thereof by April 1, 1986, to reflect a right to sue letter issued on Charge No. 044–85–0982.

As it was the policy of this Court at that time, the defendant's order was held in abeyance for several days in order to allow the plaintiff time to raise any objection as to form or substance. No objection having been received, the order was signed on April 3, 1986, and forwarded to the Clerk's Office.

Unfortunately, the order as signed contained an error in regard to computation of time which went undetected by this Court. Rule 6(a) of the Federal Rules of Civil Procedure states:

> In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.... When the period of time prescribed or allowed is less than 11 days, intermediate Saturdays, Sundays, and legal holidays shall be excluded in the computation.

The Court's opinion was signed on Tuesday, March 25, 1986. Under Fed.R.Civ.P. 6(a), the plaintiff should have been allowed until Thursday, April 3, 1986 to amend his complaint rather than the April 1, 1986 date specified in the order. On April 2, 1986, the Clerk's Office received for filing the plaintiff's amended complaint. Having not yet received an order in said cause, the Clerk's Office refused acceptance of the amended complaint and returned it to the plaintiff. On April 4, 1986, the Clerk's Office received and filed the Court's order of April 3, 1986. A subsequent conversation between the Court's staff and the Clerk's Office disclosed the fact that the plaintiff had attempted to amend his complaint but the amendment was initially refused since the order was not yet received. Determining that the attempt to amend was made within the prescribed time, the Clerk's Office was instructed to accept the amended complaint upon refiling by the plaintiff. The defendant, however, was left in the dark as to the plaintiff's dealings with the Clerk's Office since there was no certificate of service attached to the amended complaint, and counsel for the Commission never received a copy of the same until September 3, 1986, upon learning that the case had been set for trial October 27, 1986.

The entire dilemma was discussed at a pretrial conference on September 9, 1986, during which the Court set a filing date of September 24, 1986 and a response date of October 3, 1986 for any motions which the parties may desire to submit concerning the present matter.

On September 24, 1986, the defendant submitted the present motion to remove this case from the Court's docket, or in the alternative, to reconsider the defendant's motion for summary judgment or to dismiss. The defendant presents two contentions. First, the order of April 3, 1986 was a final order which the Court could not subsequently alter or amend. Second, the Court erred in its initial decision to allow the plaintiff leave to amend his complaint to include the claims contained in Charge

---

receipt of statutory notice of the right to sue, the receipt of a right to sue letter subsequent to the commencement of a Title VII action, but while the action remains pending, satisfies the precon-

dition that a plaintiff obtain statutory notice of the right to sue before filing a civil action under Title VII).

No. 044–85–0982. The Court will address the latter contention first.

### (1) DID THE COURT ERR IN ITS INITIAL DECISION TO ALLOW PLAINTIFF LEAVE TO AMEND HIS COMPLAINT TO INCLUDE THE CLAIMS CONTAINED IN CHARGE NO. 044–85–0982?

Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–5(f)(1), provides that, if the EEOC dismisses a charge or if, within 180 days after a charge is filed, the EEOC has not filed a civil action, "the Commission ... shall so notify the person aggrieved and within ninety days after giving of such notice a civil action may be brought against the respondent named in the charge."

■ Stated succinctly, once a right to sue letter has been issued by the EEOC, the charging party has ninety (90) days from its receipt within which to file suit. *Crawford v. Western Electric Co., Inc.,* 614 F.2d 1300 (5th Cir.1980). See also *Norris v. Florida Dept. of Health and Rehabilitative Services,* 730 F.2d 682 (11th Cir. 1984); *St. Louis v. Alverno College,* 744 F.2d 1314 (7th Cir.1984).

Questions concerning the Court's jurisdiction or the timely filing of complaints are seldom raised when the actual filing of the complaint is conducted after the issuance of a right to sue letter. In cases such as the present cause of action, when a complaint is filed prior to the receipt of the right to sue letter, the Courts have been forced to deal with factual peculiarities from which a few generalities of law can be derived.

■ Basically, neither is the filing of a timely charge of discrimination with the EEOC or the compliance with the 90–day filing period a prerequisite to a federal court's subject matter jurisdiction under Title VII. *Zipes v. Trans World Airlines, Inc.,* 455 U.S. 385, 393, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982); *Coke v. General Adjustment Bureau,* 640 F.2d 584, 592 n. 15 (5th Cir.1981). The compliance with the 90–day filing period is viewed as a statutory precondition to the maintenance of any action under Title VII, and the failure to

comply with the ninety day period entitles the defendant to a defense analogous to a statute of limitations. *Sessions v. Rusk State Hospital,* 648 F.2d 1066, 1069–1070 (5th Cir.1981). *See also Nilsen v. City of Moss Point, Miss.,* 701 F.2d 556, 562 (5th Cir.1983) (noting that "the timely filing requirements of Title VII are to be treated as limitations periods"). Consequently, the ninety day filing requirement has been held subject to tolling and equitable waiver. *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984); *Ivy v. Meridian Coca-Cola Bottling Co.,* 108 F.R.D. 118, 126 (S.D.Miss.1985) *citing (Coke v. General Adjustment Bureau,* 640 F.2d 584, 592 n. 15 (5th Cir.1981) and *Pinkard v. Pullman Standard, A Div. of Pullman, Inc.,* 678 F.2d 1211 (5th Cir.1982)). Since the issuance of a right to sue letter is not a jurisdictional requirement, the mere failure of a party to allege the actual issuance of a right to sue letter will not prevent the Court from having jurisdiction over the subject matter.

A case most analogous to the present controversy was recently considered by the United States Court of Appeals for the Third Circuit. *Gooding v. Warner-Lambert Co.,* 744 F.2d 354 (3rd Cir.1984) was a Title VII employment discrimination suit alleging discrimination in promotion and retaliatory discrimination. The facts of *Gooding* may be summarized as follows:

On February 9, 1979, the plaintiff filed her first Charge of Discrimination with the EEOC alleging discrimination in promotion.

On May 1, 1979, the plaintiff amended this charge alleging retaliating action.

On August 20, 1979, the plaintiff filed her second Charge of Discrimination with the EEOC elaborating on the alleged retaliating action.

On December 21, 1979, the plaintiff amended her second Charge with the EEOC naming two more instances of retaliating action.

On November 27, 1979, the plaintiff received a right to sue letter on the first

Charge of Discrimination which alleged discrimination in promotion.

On February 21, 1980, the plaintiff filed suit in the U.S. District Court under Title VII alleging the issuance of a right to sue letter and detailing the basis for her discrimination in her promotion claim. The complaint also detailed the basis of the second Charge of Discrimination concerning retaliating actions, even though the EEOC had not yet issued a right to sue letter for that charge.

On July 30, 1980, the EEOC issued a right to sue letter on the second charge. Ninety days subsequently expired without the plaintiff ever amending her federal complaint to reflect the issuance of this second right to sue letter concerning retaliatory discrimination.

After the conclusion of discovery, the defendant moved for dismissal on the ground the right to sue letter is a jurisdictional prerequisite to filing a Title VII lawsuit, and plaintiff did not specifically allege issuance of the second right to sue letter.

The plaintiff responded that she alleged the facts underlying the second charge in her complaint making the absence of an allegation that the second right to sue letter had been issued irrelevant. She also argued that the district court should have granted her leave to amend her complaint to allege the issuance of the second right to sue letter.

The defendant opposed this argument on the ground that 90 days had elapsed since issuance of the second right to sue letter before leave to amend was requested.

The district court ordered that the counts of the complaint alleging retaliatory discrimination be dismissed since pleading the issuance of a right to sue letter is a jurisdictional prerequisite to the commencement of a Title VII suit. Leave to amend the complaint to allege the issuance of a right to sue letter was denied on the ground that the amendment was time-barred.

The appellate court held that the district court's decision was in error and reversed. In citing *Zipes, supra,* for the proposition that the filing of a timely charge with the

EEOC is not a jurisdictional prerequisite but a statutory requirement subject to waiver when equity so requires, the court believed that the same reasoning should be applied to the issuance of a right to sue letter.

The court was also of the opinion that under the prevailing facts, the district court should have granted leave to allow the plaintiff to amend her complaint to reflect the issuance of a right to sue letter. As stated by the Court:

> The record also makes clear that the district court's decision not to grant plaintiff leave to amend her complaint was based solely on its conclusion that the failure to allege the issuance of a right-to-sue letter was a jurisdictional defect. However, regardless of its erroneous understanding of the jurisdictional issue, we believe that the district court abused its discretion in not giving plaintiff leave to amend her complaint. Rule 15(a) of the Federal Rules of Civil Procedure directs that 'leave (to amend) shall be freely given *when justice so requires.*' It is a sound and established policy that procedural technicalities should not be used to prevent Title VII claims from being decided on their merit.... *Given this policy, and the fact that the plaintiff's complaint adequately alleged the basis of her claim, thus eliminating any possibility of prejudice to the defendants, it was an abuse of discretion not to grant leave to amend in this case.* (emphasis added and citations omitted).

744 F.2d at 358–359.

■ Therefore, under *Gooding,* this Court did have jurisdiction over the present matter even though the plaintiff failed to amend his complaint to reflect the issuance of a right to sue letter within 90 days as prescribed by the statute. Additionally, the court is permitted to even go so far as allowing the plaintiff to amend his complaint outside of the ninety day limit.

· ■ As presented in the *Gooding* opinion, two prerequisites must be satisfied before the Court may exercise its authority to

allow such an amendment. First, the plaintiff's original complaint filed in the district court must allege in detail the facts underlying the claim coverage in the EEOC charge on which a right to sue letter was subsequently received. Second, leave to amend should be granted only when the defendant is not prejudiced and "justice so requires" the allowing of the amendment.

(a) Did the Plaintiff's Original Complaint Filed in this Court allege in Detail the Facts Underlying Charge of Discrimination # 044–85–0982?

In *Gooding*, the plaintiff's original complaint detailed the factual basis for the charge of retaliatory discrimination pending before the EEOC. The complaint of the plaintiff in the present action is not so precise. The allegation concerning Willie L. Henry's retaliatory contention is stated in Subpart C of Paragraph 4 of the plaintiff's complaint as follows:

C. Defendant refused to rehire plaintiff at the beginning of the 1985 season for being too assertive a Black for compatibility with Commission's personnel policies which in and of themselves were dual in application as to Whites and plaintiff.

The Charge of Discrimination filed with the EEOC differed substantially from the mere conclusionary allegation of the plaintiff's complaint in that it provided the reasons for the plaintiff's retaliatory contention. As alleged in plaintiff's statement of particulars in his second Charge of Discrimination:

III. I believe I have been retaliated against for opposing employment practices in violation of Title VII, since:
a. Prior to filing EEOC Charge No. 044–85–0017, I had received no complaints about my evaluations, and my work record was uneventful.
b. After filing the above cited charge, I was written up for taking a break. My White co-workers were on break and were not written up.
c. I believe my employer put adverse information in my file to deny me rehire because I filed the EEOC charge.

David Sykes and his Chief Inspector tried numerous times to set me up to be fired after I put in a request to meet with the Board of Commissioners 8–28–84. From that date on they have been trying to get rid of me. See adjoining copies.

Whereas the defendant in *Gooding* was provided with factual basis concerning the plaintiff's charge of retaliatory discrimination via the original complaint, the defendant in the present action was only provided with a conclusionary allegation. It was only because of such detailed pleadings which eliminated any possibility of prejudice to the defendants that the *Gooding* court accepted the plaintiff's contention that "she had specifically alleged the facts underlying her retaliatory discrimination charge in the complaint, thereby making the absence of an allegation that the second right-to-sue letter had been issued irrelevant." *Gooding* at 356.

Even a most liberal construction of Willie L. Henry's complaint does not support a similar holding. Subpart C fails to detail any facts or provide any instances upon which an allegation of retaliation can be premised. Rather, the plaintiff's original complaint provides only a conclusion of law. Such a conclusionary statement is insufficient to render the plaintiff's failure to allege the issuance of the second right to sue letter as irrelevant.

(b) Would the Defendant be Prejudiced by Allowing the Amendment to be Filed Subsequent to the 90–day Limitation?

Even if it was determined that the original complaint was sufficiently plead as to render the absence of an allegation that the second right to sue letter had been issued irrelevant, subsequent affirmative statements by the plaintiff and his attorney negate any notice of the retaliatory allegations that the defendant might have received. As will be illustrated, to hold otherwise would place the defendant in a most prejudicial position.

When the Complaint is considered in conjunction with the admissions of counsel, its scope is severely limited. Specifically, attention is given to the admissions of the plaintiff and his attorney in the deposition of Willie L. Henry taken September 24, 1985. During the course of the deposition, the Commission's counsel attempted to elicit testimony concerning the allegations contained in Subparts C and D of Paragraph 4 of the plaintiff's complaint. To such questions the plaintiff responded in pertinent part thusly:

Q. Now, under Subsection C there in the complaint, you're suing because the defendant, the Gulf Coast Mosquito Control Commission, refused to hire you at the beginning of the '85 season; am I not correct?

MR. GIBBS:

Nothing in there but retaliation.

THE WITNESS:

Can you get that omitted out of there? I want separate charges.

MR. GIBBS:

That has nothing to do with your retaliation. That's a statement of policies.

THE WITNESS:

Like I said, this—and I'm not getting into this until I get me a determination.

Deposition of Willie L. Henry, September 24, 1985, at 45–46.

Subsequently, upon further questioning by counsel of the Commission, we find the following colloquy between counsel as to the nature of the allegations contained in the complaint.

MR. GIBBS:

Do you have a copy of the second complaint that he filed?

MR. BOYD:

Yes. It's right there in front of you.

MR. GIBBS:

This is the second one?

MR. BOYD:

Yes.

MR. GIBBS:

May I address this?

MR. BOYD:

I'm asking your client, Counsel.

THE WITNESS:

Let me go ahead and answer.

MR. GIBBS:

Let the record show that on behalf of my client, this complaint was filed based upon the facts as he stated them to me; and that this complaint here, the second one, a letter of determination has not been issued on yet. That a statement of policy, which in competence perhaps this complaint was entered as Paragraph Sub-C of the complaint of discrimination filed in Federal District Court on May 22nd, 1985.

Even though the complaint had been filed with the Commission which complains of the fact that he was not rehired for the 1985 period, that that preceded the filing of this complaint and is also prior to receival of any letter of determination from the Commission.

And that if Counsel wishes to contest this aspect of the complaint, that he's properly within his right to motion to have it stricken at trial.

MR. BOYD:

Is is my understanding that you're not suing for retaliation?

MR. GIBBS:

In this particular case here, this is only an example of a policy of practice, as based upon the facts as they were stated to me by my client.

MR. BOYD:

Let me get one thing straight then, so we'll know which direction we're going in this case. Am I to understand that the charge which was filed, the second charge which was filed, Number 004–85–0982, which is marked as Exhibit 5 in this matter, that that is not part of the basis for this lawsuit?

MR. GIBBS:

I think further explanation is in order here. Inasmuch as the 180–day period for the letter of determination to be issued would come after the filing of the complaint, there is nothing to prevent it being encompassed into this complaint under the rules of the EEOC that would prevent the judge including it as a part of the general complaint whenever the

matter comes to trial, should the Commission fail to issue a letter of determination.

MR. BOYD:

So then, you have no objection to me going ahead and inquiring about the matters contained in this charge of discrimination?

MR. GIBBS:

I would prefer your holding on that inasmuch as there is ample time to go into discovery. I would prefer your holding on that until a letter of determination is finally issued.

MR. BOYD:

Have you requested a letter yet?

MR. GIBBS:

I have not requested an issue and a letter, and I don't remember when the 180-day period runs on that; but I do have a record of it back at the office.

MR. BOYD:

This was filed March the 28th of '85, or it appears to be.

MR. GIBBS:

I believe it's November when it runs.

(Off the record.)

MR. BOYD:

So at this point in time, you're not including this as a part of your cause of action that I'm referring to Exhibit 5, you're not referring to the allegations in Exhibit 5 as a part of your cause of action in this matter?

MR. GIBBS:

That is correct.

MR. BOYD:

And in order to do so, you would move the Court to amend?

MR. GIBBS:

I would not move the Court to amend it at this time. What I said is that if you object to the way the complaint is stated that you would move to have that particular part stricken.

MR. BOYD:

But you do acknowledge at this point in time that this does not constitute part of the cause of action?

MR. GIBBS:

That is correct.

Deposition of Willie L. Henry, September 24, 1985, at 50–55.

■ As can be seen from the above deposition excerpts, the defendant was lulled into believing that the complaint was limited in scope to the initial charge of promotional discrimination. An attorney, employed to manage a party's conduct of a lawsuit, has *prima facie* authority to make relevant judicial admissions by pleadings, oral or written stipulations, or formal statements into the record, which unless allowed to be withdrawn are conclusive. McCormick, *Evidence*, §§ 265 and 267; *Andrew Brothers Corporation v. O'Meara*, 306 F.2d 672 (5th Cir.1962). Therefore, the plaintiff should be bound not only by his own admissions but also the admissions of his attorney since they were obviously made in the course and scope of his authority to manage the conduct of the lawsuit. As a result, the Court must conclude that the original complaint did not raise any issues encompassed by Charge of Discrimination No. 044–85–0982 concerning retaliatory discharge. The factual basis which permitted the Court in *Gooding* to conclude that the defendant would not be prejudicial by a late filing of an amendment is clearly absent from the present case.

■ Inasmuch as the initial complaint, when considered in conjunction with the plaintiff's deposition, failed to encompass the allegations contained in the EEOC charge of retaliatory discharge, the plaintiff was compelled to amend his complaint within ninety (90) days of receiving a right to sue letter on Charge of Discrimination # 044–85–0982 or face having his civil cause of action expire under the prescribed statute of limitations for Title VII actions. Having failed to amend, the plaintiff is now time barred from pursuing such a civil action in federal court. The defendant's motion to dismiss should therefore be granted.

Due to the holding as reasoned above, the Court need not address the plaintiff's argument that the plaintiff was technically barred from amending his complaint since the order of April 3, 1986, although in

error, was, not formally corrected within ten (10) days after entry.