[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Both cases relied on by the defendant in support of the motion to dismiss; McGuire v. U.S. Postal Service, 749 F. Sup. 1275
(S.D.N.Y. 1990) and Simon v. Manufacturers Hanover TrustCo., 849 F. Sup. 880, 885 (S.D.N.Y. 1994); cite to the U.S. Supreme Court decision McDonnell-Douglas Corp. v. Green, 411 U.S. 792,798, 93 S.Ct. 1817, 1822, 36 L.Ed.2d 668 (1973), in support of the proposition that a "right to sue" letter is jurisdictional prerequisite to a civil action under Title VII of the Federal Civil Rights Act, 42 U.S.C. § 2000e et seq. McDonnell-DouglasCorp. v. Green, supra, 411 U.S. 798, 93 S.Ct. 798, held that
 the only jurisdictional prerequisites to a federal action under Title VII are (1) timely filing charges of employment discrimination with the [EEOC] and (2) receiving and acting upon the [EEOC's] statutory notice of the right to sue.
As noted by the Eighth Circuit, however, the
 Supreme Court later returned to reconsider the McDonnell-Douglas statements [— with respect to the jurisdictional requirements of a Title VII claim —] in Zipes v. Transworld Airlines, Inc., 455 U.S. 385, 102 S.Ct. 1127, 71 L.Ed.2d 234 (1982). In Zipes, the plaintiff failed to file an EEOC charge in a timely manner. The court held that the filing of a timely charge of discrimination was not a jurisdictional prerequisite to a federal court suit but instead operated akin to a statute of limitations. Id. at 393, 102 S.Ct. at 1132. Therefore, the failure to file in a timely manner was held subject to waiver, estoppel and equitable tolling. The court reasoned that in doing so, "we honor the remedial purpose of the legislation as a whole without negating the particular purpose of the filing requirement, to give prompt notice to the employers." Id. at 398, 102 S.Ct. at 1135.
 Because a timely filing with the EEOC necessarily preceded the return of the right-to-sue notice from the EEOC, such notices must also be curable. . . . We hold that receipt of a right-to-sue notice is a condition precedent to a filing of a Title VII claim, curable after the claim has commenced.
CT Page 6533
Jones v. American State Bank, 857 F.2d 494, 499-500 (8th Cir. 1988) citing Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984); Wrighten v. Metropolitan Hospitals, Inc., 726 F.2d 1346,1351 (9th Cir. 1984); Fouche v. Jekyll Island-State ParkAuth., 713 F.2d 1518, 1525 (11th Cir. 1984), Williams v.Washington Metropolitan Area Transit Authority, et al.,721 F.2d 1412, 1418 n. 12 (D.C. Cir. 1983).
The position of the majority of the circuit court cases holding that the failure to obtain the right-to-sue letter is a curable defect, as reflected in Jones v. American State Bank, supra, 857 F.2d 499-500, appears to be more consistent with the remedial purposes of Title VII, as articulated by the U.S. Supreme Court in Zipes v. Transworld Airlines, Inc., supra,455 U.S. 385, 102 S.Ct. 1127. As noted, the cases relied on by the defendant fail to address the holding of the later Supreme Court case Zipes v. Transworld Airlines, Inc., supra. This court follows the majority of the circuit courts and holds that the failure to obtain a right-to-sue letter is a curable defect. Therefore, because the plaintiff has obtained the right-to sue letter, the defendant's motion to dismiss is denied.