

Opinions of the United
States Court of Appeals
for the Third Circuit

8-23-2006

# Stampone v. Freeman Decorating

Precedential or Non-Precedential: Non-Precedential

Docket No. 05-4269

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2006

Recommended Citation

"Stampone v. Freeman Decorating" (2006). *2006 Decisions.* Paper 559.
http://digitalcommons.law.villanova.edu/thirdcircuit_2006/559

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2006 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 05-4269
_____

FREDERICK STAMPONE,

Appellant

v.

FREEMAN DECORATING COMPANY; JOSEPH POPOLO, President & CEO;
DON FREEMAN, Chairman & CEO
_____

On Appeal From the United States District Court
For the District of New Jersey
(D.C. Civ. No. 04-cv-04241)
District Judge: Honorable Dennis M. Cavanaugh
_____

Submitted Under Third Circuit LAR 34.1(a)
July 21, 2006

BEFORE:  RENDELL, AMBRO, and ROTH Circuit Judges

(Filed:  August 23, 2006)

_____

OPINION
_____

PER CURIAM

Frederick Stampone appeals the order of the United States District Court for the

District of New Jersey granting the defendants' motion to dismiss his complaint pursuant

to Federal Rule of Civil Procedure 12(b)(6). This Court has jurisdiction under 28 U.S.C. § 1291, and we exercise plenary review over the decision to grant a 12(b)(6) motion to dismiss. See Weston v. Pennsylvania, 251 F.3d 420, 425 (3d Cir. 2001). We accept all factual allegations in the complaint as true, and draw all reasonable inferences in favor of the non-moving party. See id.

Stampone filed a complaint against the Freeman Decorating Company, its president, and its chairman.[1] In his complaint, Stampone asserts that he is a member of the United Brotherhood of Carpenters, and in August 2004, he placed his name on the union's out-of-work list. Stampone was called to work for Freeman and began work on August 18, 2004. He was laid off at the end of the following work day. Though Stampone's complaint recites a long list of federal laws and state and federal constitutional provisions, in the course of this matter he has developed two claims: (1) that he was laid off because he was over 51 years old, and (2) that he did not receive the paycheck and the benefits owed to him for his two days of work.

The District Court dismissed the age discrimination claim because Stampone did not file a claim with the Equal Employment Opportunity Commission (EEOC) as required by Title VII of the Civil Rights Act of 1964. The District Court dismissed Stampone's pay/benefits claim because Stampone did not follow the grievance procedures required by the collective bargaining agreement between Freeman and

---

[1]Because we write for the parties, we do not set forth all of the facts of the case in detail.

Stampone's union. We will affirm.

Filing a timely charge of discrimination with the EEOC and receiving a "right to sue" letter are statutory requirements to a Title VII suit. See Zipes v. Trans World Airlines, Inc., 455 U.S. 385, 393 (1982); Gooding v. Warner-Lambert Co., 744 F.2d 354, 358 (3d Cir. 1984). Like a statute of limitations, the requirement is subject to waiver, estoppel, and equitable tolling. See Zipes, 455 U.S. at 393. In the absence of a right-to-sue letter, a Title VII suit can be dismissed for failure to state a claim upon which relief may be granted. See Gooding, 744 F.2d at 358 n.5. Here, Stampone has neither alleged that he filed a claim with the EEOC, nor disputed Freeman's argument that he failed to do so. Nor has Stampone alleged any circumstances that would entitle him to an exception from the requirement. The District Court thus properly dismissed Stampone's age discrimination claim.

Federal labor law policy requires an employee seeking a remedy for an alleged breach of the collective bargaining agreement between union and employer to attempt to exhaust the grievance and arbitration procedures contained in that agreement before filing suit. See Clayton v. U.A.W., 451 U.S. 679, 681 (1981); Republic Steel Corp. v. Maddox, 379 U.S. 650, 652 (1965). In an exceptional circumstance, an employee can obtain judicial review of his breach-of-contract claim without exhausting the procedures in the contract when the union, in its representation of the employee in the grievance/arbitration procedure, has acted in "such a discriminatory, dishonest, arbitrary, or perfunctory fashion" that it has breached its duty of fair representation. See DelCostello v. Int'l Bhd.

3

of Teamsters, 462 U.S. 151, 164 (1983); Vaca v. Sipes, 386 U.S. 171, 185, 190 (1967) (starting that breach of duty occurs where "union's conduct toward a member of the collective bargaining unit [wa]s arbitrary, discriminatory, or in bad faith").  In this situation, an employee may sue both the employer and the union to obtain relief.  See DelCostello, 462 U.S. at 164.

Here, the collective bargaining agreement specifies that an aggrieved party must first attempt to negotiate, and if unsuccessful, the party must submit the matter to arbitration.  According to his complaint, the day after he was laid off, Stampone sent a letter directed to the president of Freeman Decorating, demanding pay for the time worked, and for the amount of time that would elapse before he received his paycheck.  Stampone filed the complaint in this matter eleven days later, on August 31, 2004.  Stampone also contends that he called an agent of the local union and was told that the union would not assist him because he was not a member of any New York locals of his union.

Even if Stampone's letter could be considered sufficient negotiation under the agreement, he did not submit his grievance to arbitration, as required.  Nor does the union's response to Stampone's phone call excuse his failure to exhaust.  As a preliminary matter, Stampone neither claims a breach of the duty of fair representation nor names the union as a defendant.  However, to the extent that any of his allegations could be construed as an argument that the union breached its duty of fair representation, they fail.  First, Stampone's single phone call provides an insufficient basis to definitively

4

determine the union's position. There is no indication that Stampone contacted the local union of which he is a member to pursue his complaint, that he contacted the national union to do the same, or that he pursued any internal union procedures to appeal the rejection of his request. Second, even if the union's policy is as he classified it, Stampone provides no basis for finding that the union acted improperly. He does not claim to be a member of a New York local, nor has he claimed that the local union's apparent policy is arbitrary, discriminatory, or in bad faith. Indeed, the local union's alleged practice of representing only its own members in contract disputes would appear to make practical and logistical sense. Accordingly, this claim was properly dismissed for failure to exhaust.

We have reviewed the District Court's order denying Stampone's motion for default judgment, and conclude that the Court did not abuse its discretion. See Jorden v. Nat'l Guard Bureau, 877 F.2d 245, 250-51 (3d Cir. 1989) (denial of motion for default judgment reviewed under an abuse of discretion standard).

We, therefore, will affirm the judgment of the District Court.

5