NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3268
_____

KENNETH J. TAGGART,
                                        Appellant

v.

WELLS FARGO HOME MORTGAGE, INC.; WELLS FARGO BANK, N.A.;
AMERICAN PARTNERS BANK; EAGLE NATIONWIDE MORTGAGE COMPANY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2:10-cv-00843)
District Judge:  Honorable Lawrence F. Stengel
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 18, 2014

Before: FISHER, VANASKIE and ALDISERT, Circuit Judges

(Opinion filed: April 23, 2014)
_____

OPINION
_____

PER CURIAM

        In his amended complaint, Kenneth Taggart named Wells Fargo Home Mortgage,

Inc., Wells Fargo Bank, N.A.,[1] American Partners Bank, and Eagle Nationwide Mortgage

_____

[1] As the District Court did, we will treat the named Wells Fargo defendants as one, Wells

Company ("Eagle Nationwide") as defendants. He listed forty counts for relief, citing the Real Estate Settlement Procedures Act ("RESPA"), the Truth in Lending Act ("TILA"), the Fair Credit Reporting Act, the Fair Debt Collection Practices Act, and the Pennsylvania Unfair Trade Practices and Consumer Protection Law ("UTPCPL"). He also claimed breach of contract and breach of fiduciary duty.

Service of the amended complaint was never effected on American Partners Bank, which Taggart describes as a defunct business entity. Wells Fargo filed a motion to dismiss the amended complaint, which the District Court granted in September 2010. Eagle Nationwide ultimately moved for summary judgment, which the District Court granted in an order (ECF No.129) dated June 17, 2013. On that same day, the District Court signed an order of judgment (ECF No. 130) "in favor of the Defendant, and against the Plaintiff" "in accordance with [the] Order granting the Defendant's motion for summary judgment." Taggart filed a notice of appeal, stating that he appealed the "Final 'Orders' dated June 17, 2013. (Dockets #129 & #130)."

Although Taggart questions whether the District Court entered a final order because his claims remain unadjudicated as to American Partners Bank, we have jurisdiction pursuant to 28 U.S.C. § 1291. For jurisdiction to attach under 28 U.S.C. § 1291, a judgment must be final as to all parties, all causes of action, and the whole subject-matter. See Andrews v. United States, 373 U.S. 334, 340 (1963) (citing Collins v. Miller, 252 U.S. 364 (1920)); Mellon Bank, N.A. v. Metro Commc'ns, Inc., 945 F.2d

Fargo, N.A. ("Wells Fargo").

635, 640 (3d Cir. 1991). In actions involving multiple claims and parties, a district court may direct the entry of final judgment on fewer than all of the claims and parties on the express determination that there is no just reason for delay. See Fed. R. Civ. P. 54(b) (explaining the requisite determination under the rule); Gomez v. Gov't of the V.I., 882 F.2d 733, 736 (3d Cir. 1989). Although there was no Rule 54(b) certification in this case, we still have jurisdiction over this appeal because a defendant who has not been served is not a "party" within the meaning of Rule 54(b). Id.; see also United States v. Studivant, 529 F.2d 673, 674 n.2 (3d Cir. 1976).

In addition to his challenge to our jurisdiction over his appeal, Taggart raises two issues. Specifically, he argues that the District Court erred in granting judgment in favor of Eagle Nationwide on claims of violations of the UTPCPL relating to the origination of the mortgage on a home. He asserts that the estimate of closing costs that the company provided was misleading and did not list all closing costs (including the yield spread premium), the true cost of the loan, or the true interest rate. In his second issue, Taggart asserts that the District Court erred in dismissing the UTPCPL claims against Wells Fargo because, as the holder (or, as Taggart puts it, "purported holder") of the mortgage and the note, they are liable for violations by the originating lender and mortgage broker. In support of both issues, he maintains that "full and complete disclosure of material disclosures" or "full compliance under TILA & RESPA" regarding the disclosures "is imperative." Taggart asks us to reverse the judgment on the UTPCPL claims against Eagle Nationwide and Wells Fargo.

3

Wells Fargo asserts that only the first issue that Taggart raises is properly before us because Taggart did not specify the order relating to the second issue in his notice of appeal. Taggart clearly specified only the summary judgment ruling and the judgment entered in favor of Eagle Nationwide. Accordingly, we can exercise jurisdiction over the unspecified order in favor of Wells Fargo only if it can be "fairly inferred" from the specified one because "(1) there is a connection between the specified and unspecified orders; (2) the intention to appeal the unspecified order is apparent; and (3) the opposing party is not prejudiced and has a full opportunity to brief the issues." Sulima v. Tobyhanna Army Depot, 602 F.3d 177, 184 (3d Cir. 2010) (citations and quotation marks omitted). Exercising our heightened duty to construe a pro se notice of appeal liberally, see Gov't of the V.I. v. Mills, 634 F.3d 746, 751 (3d Cir. 2011), we conclude that the standard is satisfied.

Although Taggart only referred to the orders dated June 17, 2013, the earlier order in favor of Wells Fargo did not become final until then. Cf. Elfman Motors, Inc. v. Chrysler Corp., 567 F.2d 1252, 1253 (3d Cir. 1977) ("[T]he appeal from a final judgment draws in question all prior non-final orders and rulings which produced the judgment."). In similar cases, we have held that an appeal from a summary judgment order can bring up an earlier order dismissing claims, even as to other defendants. See, e.g., Lusardi v. Xerox Corp., 975 F.2d 964, 972 n.14 (3d Cir. 1992); Murray v. Commercial Union Ins. Co., 782 F.2d 432, 434-35 (3d Cir. 1986); Gooding v. Warner-Lambert Co., 744 F.2d 354, 357 n.4 (3d Cir. 1984). The intention to appeal the earlier order is evident in

4

Taggart's brief.  See Cortez v. Trans Union, L.L.C., 617 F.3d 688, 695 (3d Cir. 2010).

And Wells Fargo has not been prejudiced, as it has fully briefed the issues.  See id.

Accordingly, we will consider the two issues that Taggart raises regarding the

UTPCPL claims that Taggart describes.[2]  Our review of the order granting summary

judgment is plenary; we apply the same standard as did the District Court.  Sulima, 602

F.3d at 184.  We also exercise de novo review over the order granting the motion to

dismiss.  Id.  We may affirm on any basis supported by the record.  See Erie Telecomms.,

Inc. v. City of Erie, 853 F.2d 1084, 1089 n.10 (3d Cir. 1988).

Taggart presented his UTPCPL claims in Counts 23 to 29, 31, and 33 to 36 of his

complaint.[3]  In those counts, he did not allege which provision of the UTPCPL applied.

The only provision potentially applicable is the UTPCPL's catch-all provision, which

defines, as an unfair or deceptive practice, "[e]ngaging in any other fraudulent or

deceptive conduct which creates a likelihood of confusion or of misunderstanding."  73

P.S. § 201-2(4)(xxi).  To establish a claim under this provision, Taggart had to prove the

elements of common law fraud.  See Tran v. Metro. Life Ins. Co., 408 F.3d 130, 140-41

_____

[2] In his brief, Taggart seeks relief on his UTPCPL claims only, so all other issues have been waived.  See Kost v. Kozakiewicz, 1 F.3d 176, 182 (3d Cir. 1993) (citing Federal Rules of Appellate Procedure 28 and Local Rule 28.1); see also Al-Ra'Id v. Ingle, 69 F.3d 28, 31 (5th Cir. 1995) (noting that pro se litigants are not excepted from the requirement to raise and argue issues on appeal).  We note nonetheless the necessity of discussing his claims under other statutes to the extent that they are predicates for his UTPCPL claims.

[3] In footnote 12 of the District Court's opinion regarding the motion for summary judgment, the District Court accurately describes Taggart's claims in more detail.

(3d Cir. 2005) (considering Toy v. Metro. Life Ins. Co., 863 A.2d 1, 10 (Pa. Super. Ct. 2004), and predicting how the Pennsylvania Supreme Court would rule).  The elements are as follows:  "(1) misrepresentation of a material fact; (2) scienter; (3) intention by the declarant to induce action; (4) justifiable reliance by the party defrauded upon the misrepresentation; and (5) damage to the party defrauded as a proximate result."  Ross v. Foremost Ins. Co., 998 A.2d 648, 654 (Pa. Super. Ct. 2010) (citation omitted).  To put the defendants on notice of the precise misconduct and to protect them from spurious claims, see Seville Indus. Mach. Corp. v. Southmost Mach. Corp., 742 F.2d 786, 791 (3d Cir. 1984), Taggart was obligated to "state with particularity the circumstances constituting fraud."  Fed. R. Civ. P. 9(b).  As the District Court concluded, Taggart failed to allege or show what specific misrepresentations the defendants made and if or how he justifiably relied on them.[4]  He also did not sufficiently allege or prove intent.

Furthermore, insomuch as Taggart is asserting that he established UTPCPL violations because he showed RESPA and TILA violations, his claims fail.  As the District Court explained, Taggart could not show RESPA and TILA violations because, among other reasons, the financed property at issue in this case was a rental property at the relevant time.  RESPA and TILA do not apply to transactions primarily for business

---

[4] To the extent he argues that the interest rate changed and the premiums were higher because a premium yield spread of $4100.04 was charged, it is clear from the documentation that he attached to his complaint that he had notice of that and other charges.  Amended Complaint, Ex. A8 (HUD Settlement Statement).  He also had been provided information about the different options for paying the $4100.04.  Amended Complaint, Ex. A7.

purposes.  See 12 U.S.C. § 2606; 15 U.S.C. § 1603(1); 24 C.F.R. § 3500.5(b); 12 C.F.R. § 226.3(a)(1); 46 Fed. Reg. 50288 (Oct. 9, 1981) (Truth in Lending Official Staff Commentary explaining that the extension of credit for rental property, including a rented-out single-family house, is a transaction for a business purpose).  Eagle Nationwide pointed to evidence, including a 2006 mortgage application, 2008 refinancing documents, a letter, and the address Taggart used in filing his complaint, that established that the financed property was a rental property.  Taggart conceded in his response to Eagle Nationwide's motion that he did not live at the property when he filed the initial mortgage application and did not otherwise put Eagle Nationwide's evidence in dispute. He could not rest on his allegations.  See Fed. R. Civ. P. 56(c).

For these reasons, we will affirm the District Court's judgment.  Taggart's request for oral argument is denied.